UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

| | |
|---|---|
| DERRICK WILLIAMS, | Civil Action No.: 18-cv-764 |
| *Plaintiff*, | COMPLAINT |
| -against- | Jury Trial Demanded |
| CITY OF NEW YORK and JOHN and JANE DOE 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown), | |
| *Defendants*. | |

-------------------------------------------------------------------x

Plaintiff Derrick Williams, by and through his attorneys BLS Legal Services Corp., for his complaint alleges as follows:

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of Plaintiff's rights under the United States Constitution and corresponding New York state laws when the Defendants conducted an unlawful search of his apartment, damaging his door and the contents of his apartment and causing him to feel unsafe in his own home.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343 (a)(3)-(4). This action is brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, for violations of Fourth Amendment to the United States Constitution.

3. Plaintiff's claims for attorney's fees and costs are predicated upon 42 U.S.C. § 1988 which authorizes the award of attorney's fees and costs to the prevailing parties pursuant to 42 U.S.C. § 1983.

4. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367 to hear and decide claims arising under state law. This Court has supplemental jurisdiction over Mr. William's claims against Defendants under the laws of the State of New York because they are so related to the within federal claim that they form part of the same case and controversy pursuant to 28 U.S.C. § 1367(a).

5. On or about February 3, 2016, and within ninety (90) days of the claims herein accrued, Mr. Williams served and filed a timely Notice of Claim, setting forth all facts and additional information required under General Municipal Law §50-e, with the City of New York, a municipal corporation and the entity that employs or employed all named Defendants herein, in person to the New York City Comptroller.

6. At least thirty (30) days have elapsed since the service of the Notice of Claim, and adjustment or payment of the claim has been neglected or refused.

7. This action is being commenced within one year and ninety days of the incident upon which the claims are based.

8. Venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c) as this is the District where the claim arose.

## PARTIES

9. Plaintiff Derrick Williams is a resident of the State of New York. At all times relevant hereto, Mr. Williams resided at 558 Fountain Avenue, Brooklyn, New York, where he lives alone in a studio apartment.

10. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the New York Police Department (NYPD), a department or agency of defendant City of New York responsible for the appointment, training, supervision,

promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

11. Upon information and belief, at all times relevant hereto defendants John and Jane Doe 1 through 10 were police officers, detectives, or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

12. Upon information and belief, at all times relevant hereto, defendants John and Jane Doe 1 though 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13. At all times relevant herein, all individual defendants were acting under the color of state law.

## STATEMENT OF FACTS

14. On or about late the afternoon of November 4, 2016, Mr. Williams left his apartment located at 558 Fountain Ave. in Kings County to spend the weekend with his partner and their child at her apartment in the Bronx.

15. On or about the evening of November 6, 2016, plaintiff returned home and found the door to his apartment open, and the lock inoperable. The door had been broken and would no longer close. Inside, his apartment was in disarray; his belongings were on the floor, his family mementos were broken, the contents of his shelves and drawers had been emptied on to the floor, the furniture was damaged and his mattress was destroyed. Mr. William's new pet cat, a Russian Blue, was nowhere to be found.

16. Upon information and belief, on or about the early hours of November 5, 2016, while Mr. Williams was away from home, Defendants John and Jane Doe 1 through 10 conducted a warrantless search at 558 Fountain Ave.

17. Upon information and belief, Defendants entered Mr. William's apartment without a lawful warrant.

18. Upon information and belief, Defendants kicked in plaintiff's apartment door, rendering the lock disabled and the door ajar.

19. Upon information and belief, Defendants ransacked plaintiff's apartment; destroyed the mattress, threw his belongings on the floor, broke family mementos, emptied the contents of his shelves and drawers on to the floor, and damaged the furniture.

20. Upon information and belief, defendants left the door to plaintiff's apartment unsecured allowing his newly acquired Russian Blue cat to exit the apartment.

21. Mr. Williams' neighbors told him that the police had come to the building, conducted a search, and taken residents of the building who were present at the time of the search were taken to the precinct and held but were not charged with any crime.

22. Defendants did not leave behind a warrant or any other documentation at Plaintiff's apartment.

## FIRST CLAIM
### (42 U.S.C. § 1983)

23. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

24. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. §1983, the Fourth Amendment to Constitution of the United States.

## SECOND CLAIM
### (UNLAWFUL ENTRY)

25. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26. Defendants violated the Fourth Amendment by entering plaintiff's apartment without a warrant or other legal justification.

## THIRD CLAIM
### (FAILURE TO INTERVENE)

27. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

29. Accordingly, the Defendants who failed to intervene violated the Fourth Amendment.

## FOURTH CLAIM
### (MONELL)

30. Plaintiff repeats and realleges each and every allegation as if fully set fourth herein.

31. This is not an isolated incident.  The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

32. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

33. The City, through its police department, trains its officers to illegally enter private residences and is indifferent to the consequences.

34. The City, through its police department, has a de facto quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

35. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

36. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct involving the individual defendants, placing the defendant City of New York on notice of the individual defendants' propensity to violate the rights of individuals.

37. In the report, "Crossing the Threshold: An Evaluation of Civilian Complaints of Improper Entries and Searches by the NYPD from January 2010 to October 2015" the Civilian Complaint Review Board (CCRB) reports the details of 180 substantiated civilian complaints of unlawful entries in violation of constitutional rights. According to a statement from the CCRB, "The Report identifies recurring practices and misapplication of the law that have led to violations of individuals' civil liberties and privacy."

38. The CCRB report also found that the NYPD Patrol Guide "fails to include the basic constitutional requirement that searches and seizures at homes must be conducted with probable cause or a warrant, and the Guide neglects to provide instructions on exigent or emergency circumstances that would justify a warrantless entry."

39. The foregoing customs, policies, usages, practices, procedures and rules of the City

of New York and the NYPD were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

40. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

## FIFTH CLAIM
### (UNLAWFUL SEARCH UNDER STATE LAW)

41. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

42. Defendants unlawfully searched plaintiff's apartment without a warrant or consent.

43. Accordingly, defendants are liable to plaintiff for unlawful search under New York State law.

## SIXTH CLAIM
### (CONVERSION/TRESPASS OF CHATTELS)

44. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

45. Plaintiff had clear legal ownership to possession of the personal property described above and respondents converted plaintiff's property by damaging and allowing items to be stolen or lost.

46. Accordingly, defendants are liable to plaintiff for damages that resulted from the conversion under New York State law.

## SEVENTH CLAIM
### (TRESPASS)

47. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully

set forth at length herein.

48. Defendants entered Plaintiff's home without the consent of Plaintiff.

49. Defendants entered Plaintiff's apartment without the consent of any other person authorized to provide consent to their entry.

50. No emergency justified Defendants' entry into Plaintiff's home.

51. Defendants' entry into Plaintiff's apartment was willful.

52. Defendant's unauthorized entry into Plaintiff's apartment resulted in damage to the property including the door being broken and the lock rendered inoperable.

53. Accordingly, Defendants are liable to Plaintiff under New York State law for damages that resulted from their unauthorized entry.

## EIGHTH CLAIM
### (RESPONDEAT SUPERIOR)

54. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

55. The individual Defendants were acting within the scope of their employment when they committed the above-described acts against plaintiff, including trespass.

56. The City of New York is therefore vicariously liable to plaintiff under New York State law for the aforesaid torts.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Derrick Williams demands a trial by jury on all claims asserted in the above complaint.

## **DEMAND FOR RELIEF**

WHEREFORE, plaintiff respectfully requests judgement against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally, in an amount to be determined at trial;

(b) Punitive damages against the individual defendants, jointly and severally, in an amount to be determined at trial;

(c) Reasonable attorney's fees and costs pursuant to 28 U.S.C §1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:  February 2, 2018
         New York, New York

                                    Respectfully submitted,


                        By:     ___/s/_____

                                Susan Hazeldean, Esq.
                                BLS Legal Services Corp.,
                                LGBT Advocacy Clinic
                                Attorney for Plaintiff
                                Brooklyn Law School
                                250 Joralemon Street
                                Brooklyn, New York, 11201
                                (718) 780-7994
                                Susan.hazeldean@brooklaw.edu